IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING                                                                                      PLAINTIFF

VS.                                                                          CIVIL ACTION NO. 4:09cv153-FKB

CLARA THOMAS, et al.                                                                             DEFENDANTS

MEMORANDUM OPINION AND ORDER

This § 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. A *Spears*[1] hearing was held on September 29, 2010, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the court concludes that the complaint should be dismissed with prejudice.

Plaintiff, a state inmate, complains that his rights were violated when he was issued an RVR and placed in administrative segregation for twenty days without due process. In order to state a viable claim for denial of due process in prison disciplinary proceedings, a prisoner must establish that he has been deprived of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Coleman v. Dretke*, 395 F.3d 216, 221 (5th Cir. 2004). Confinement in administrative segregation implicates a liberty interest only where it results in conditions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff's allegations fail to implicate any

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

liberty interest. [2]

Because this claim lacks an arguable basis in law, the court hereby dismisses it, with prejudice, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  A separate judgment will be entered.

So ordered and adjudged,  this the 3rd  day of March, 2011.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff's complaint contained some allegations that could be interpreted as asserting a claim for retaliation.  However, at the *Spears* hearing, he specifically disclaimed any retaliation claims.